UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:19-cr-69-FtM-38NPM

STEPHAN JAMES MONGIELLO

### ORDER[1]

Before the Court is Defendant Stephen Monigello's Motion for Early Termination of Probation (Doc. 50) and the Government's response in opposition (Doc. 52). For the below reasons, the Court denies the motion.

On October 23, 2019, the Court sentenced Defendant to a three-year term of probation for theft of mail by a postal service employee. (Doc. 45). Although Defendant has served less than half his sentence, he asks the Court to end his probation early. For support, he argues that he has paid all restitution and finished all treatment programs. He also notes that the United States Probation Office has placed him on administrative supervision, which requires only a single email a month to his officer. He also argues that being on probation prevents him from applying for credit, buying a home with his

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

wife, and taking side jobs that may require him to leave the District. Both the Government and Probation oppose ending Defendant's request.

A court may terminate a term of probation under 18 U.S.C. § 3564(c). That subsection says,

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, project public from defendant's further crimes. *Id.* § 3553(a).

After considering the applicable law and § 3553(a) factors, the Court finds early termination of Defendant's probation to be unwarranted. At the time of sentencing, the Court found a three-term of probation to be sufficient but not greater than necessary sentence to comply with the statutory purposes of sentencing. In again considering the § 3553(a) factors and Defendant's conduct since sentencing, the Court's decision on the appropriate term of

2

probation remains the same. While working as a mail carrier, Defendant admitted to stealing almost $500 from more than ten victims. He abused his position of public trust as an employee of the United States Postal Service. The Court thus finds that he should continue the term of probation imposed at sentencing to afford adequate deterrence to criminal conduct, promote respect for the law, provide just punishment for the offense, and protect the public from future crimes by Defendant. What is more, the inconvenience of having to ask his probation officer for permission to travel outside the District or to incur more debt to buy a home is not reason enough to end his probation early.

Accordingly, it is now

**ORDERED:**

Defendant Stephen Monigello's Motion for Early Termination of Probation (Doc. 50) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on December 22, 2020.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record